UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAINTENANCE DREDGING I, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO.** |
| **PAUL ANTHONY BILLIOT** | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel, comes complainant, Maintenance Dredging I, LLC ("MDI"), who in accordance with Rule 57 of the Federal Rules of Civil Procedure, seeks Declaratory Judgment and respectfully represents:

**1.**

This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202, brought for the purpose of determining questions of law and fact in an actual controversy between the parties as hereinafter more fully appears.

**2.**

This Honorable Court has jurisdiction over this matter pursuant to its admiralty and maritime jurisdiction, 28 U.S.C. § 1333, and under the court's jurisdiction to issue declaratory judgments under 28 U.S.C. § 2201 and § 2202. MDI further invokes the special procedures of Rule 9(h) of the Federal Rules of Civil Procedure.

**3.**

Venue is proper pursuant to 28 U.S.C. § 1391(b) as the substantial parts of the events giving rise to this incident occurred within this judicial district.

**4.**

Complainant herein, MDI, has its principal place of business located at 10567 Airline Dr., St. Rose, Louisiana 70087 in St. Charles Parish and its primary business is dredging in navigable waters of Louisiana.

**5.**

Defendant herein, Paul Billiot ("Billiot"), is a resident of St. Martin Parish and resides at 1032 Kallie Lane, Breaux Bridge, Louisiana 70517.

**6.**

On January 18, 2022, Billiot allegedly injured his neck, back and other parts of his body while working in the course of his employment with MDI on the M/V MARY AMANDA, a tugboat/dredge tender that was working in conjunction with the Dredge PAPA JOE in the Mississippi River along the left descending bank at the Beverly Sand Pit in Chalmette, Louisiana.

**7.**

MDI has in good faith paid maintenance and cure to date for the injuries that Billiot allegedly sustained in the alleged incident.

**8.**

Billiot received initial treatment from medical professionals at Prime Occupational Medicine for his alleged neck and back injuries.

**9.**

Billiot is presently treating with physician Dr. Jayme Trahan at the Lafayette Bone & Joint Clinic for both neck and back conditions.

**10.**

After the alleged incident on January 18, 2022, Billiot presented to Prime Occupational Medicine complaining of lower back pain. X-rays taken that day indicated degenerative changes at L5-S1 and atherosclerotic disease but no fracture, subluxation, or spondylolisthesis. Billiot was diagnosed with lower back pain and discharged with instructions to take Aleve and alternate ice with Epsom salt soaks. He was also instructed to present for follow up the next day. Billiot did not present for follow-up at and did not respond to MDI's follow up inquiries regarding continued treatment.

**11.**

Billiot began treating at Lafayette Bone and Joint Clinic with Dr. Jayme Trahan on March 9, 2022 where he presented with complaints of neck and lower back pain both at an 8 out of 10 level and both with radicular symptoms, constant numbness, tingling, and burning sensation. After a physical exam, Dr. Trahan assessed cervicalgia, low back pain, cervical and lumbar radiculopathy, and cervical and lumbar spondylosis. He also requested MRIs of both the cervical and lumbar spine.

**12.**

MRIs were obtained on April 9, 2022. The cervical spine MRI showed a C4-5 disc bulge with bilateral neuroforaminal narrowing; C5-6 bulge with flattening of the ventral cervical cord and bilateral neuroforaminal narrowing; C6-7 disc bulge with flattening of the ventral cord and moderate canal stenosis. The lumbar spine MRI showed an L3-4 disc bulge with associated tear and L5-S1 retrolisthesis about 3mm to 4mm with associated disc bulge. In light of the MRI results, Dr. Trahan has requested approval of a C7-T1 Interlaminar ESI and a L5-S1 Interlaminar

ESI. He has also discussed with Billiot the possibility of a future anterior cervical discectomy and fusion at C4-C7.

13.

Billiot has retained an attorney in this matter, Mr. Jerome H. Moroux, but MDI has not yet been served with a complaint.

14.

In conjunction with the general maritime law obligation to pay maintenance and cure to seamen injured aboard vessels, MDI, through undersigned counsel, contacted Billiot's attorney to investigate Billiot's current and preexisting medical conditions by seeking an itemized list of healthcare providers and an executed medical records release authorizations. (Exhibit A - 3/9/2022 Correspondence). Billiot's counsel has verbally refused to provide MDI with the medical releases.

15.

As a result, MDI has been deprived of needed information upon which to base a determination of its obligations with respect to the payment of additional maintenance and cure benefits.

16.

MDI's rights are prejudiced by Billiot's counsel's refusal to provide MDI with any information regarding Billiot's past and current medical status. Specifically, MDI's right to investigate Billiot's claim derived from its obligation to provide Billiot with maintenance and cure has been impaired.

**17.**

This court should exercise its power to protect the best interests of both parties and order plaintiff to provide executed medical releases and/or medical records regarding Billiot's past and present medical conditions and the names of all doctors who have examined or treated Billiot prior to and since his alleged accident with MDI.

**18.**

Notwithstanding the foregoing, MDI, through undersigned counsel, conducted an independent investigation into Billiot's previous litigation and medical history, and discovered that Billiot suffered from the following back and neck injuries prior to his employment with MDI:

a. An offshore injury in 2009 in which Billiot injured his neck and back (Exhibit B - medical records from the NeuroMedical Center Clinic, dated April 23, 2014, that refer to Billiot's offshore injury).

b. A lumbar spine disc herniation resulting from a previous offshore incident (Exhibit C - February 25, 2014 report from Barczyk Chiropractic Group regarding Past Medical History: "Mr. Billiot was involved in an offshore incident resulting in traumatic brain injuries, facial fracture, and lumbar spine disc herniation.").

c. A work-related injury on January 21, 2010, while Billiot was working for Traylor-Massman-Weeks, LLC in which Billiot injured his head, neck, forehead, jaw, teeth, and upper and lower extremities while working on the M/V BILL STAHL as a deckhand. According to a lawsuit Billiot filed related to the incident, he was injured when a large pipe fell from an upper deck and struck Billiot on the head (Exhibit D – lawsuit captioned *Paul Billiot, v. Traylor-Massman-Weeks, LLC,*

        Civil Action No. 2:10-cv-00807, filed in the United States District Court for the Eastern District of Louisiana).

d.    An injury on December 7, 2013 during which Billiot was pinned between the tires and the wheel well of an 18-Wheeler operated by Albert Candelaria in Saint Martin Parish Louisiana which resulted in neck, arm, shoulder, back, leg, chest and abdominal pain, depression and other injuries. (Exhibit E – lawsuit captioned *Paul Billiot v. Crete Carrier Corporation and Albert Candelaria*, Docket No. 82120, filed in the 16th Judicial District Court, Parish of St. Martin, but subsequently removed to the United States District Court for the Western District of Louisiana bearing Civil Action No. 6:15-cv-00158). There, Billiot had a cervical MRI showing a C3-4 bulge; C4-5 bulge with mild bilateral foraminal stenosis; and C5-6 and C6-7 collapse of disc, bulge, and foraminal stenosis (Exhibit F – MRI dated 3/7/2014). These injuries resulted in a June 12, 2014 Cervical Epidural Steroid Injection recommended by Dr. Joseph W. Turnipseed (Exhibit G – Cervical ESI Recommendation and Procedure Report); and a July 18, 2014 surgical recommendation – an ACDF at C4-7 – by Dr. Kelly Scrantz, of the NeuroMedical Center Clinic (Exhibit H – July 16, 2014 ACDF C4-7 Recommendation.

**19.**

During the hiring process in 2021, MDI asked Billiot about his past medical conditions. Specifically, MDI asked Billiot to complete a Post Hire/Conditional Job Offer Knowledge Questionnaire on September 23, 2021 in which MDI asked about Billiot's pre-existing medical conditions or disabilities in relation to potential workers' compensation benefits. (Exhibit I -

MDI's LAWC SIB Questionnaire). In that questionnaire, Billiot denied any and all past medical conditions including head injury and ruptured or herniated discs. He further denied that a doctor had previously restricted his activities; that he had ever had an on-the-job accident; and that a doctor had ever recommended that he undergo a surgical procedure.

20.

MDI also sent Billiot to Prime Occupational Medicine on September 23, 2021 for a preemployment physical and drug screen. Prime's Preemployment Questionnaire specifically asked whether Billiot ever had an injury or illness at any previous job; whether he had received treatment for spine, knee, or shoulder pain; whether he had ever had a CT/CAT Scan or MRI; and/or whether he had ever been diagnosed with neck pain or injury, back pain or injury, chest pain, head injury or concussion, etc. The questionnaire also required that Billiot explain any such injury/treatment. In response to each question, Billiot denied ever having any previous injury and/or treatment and verified his response. (See Exhibit J - 9/23/2021 Medical History Questionnaire).

21.

Billiot failed to reveal any of the foregoing injuries and conditions during the hiring process. The non-disclosed facts, however, were material to MDI's decision to hire Billiot. Moreover, a connection exists between the withheld information and Billiot's alleged injuries. As a result, Billiot is not entitled to maintenance and cure under the *McCorpen* defense. (see *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547, 548 (5th Cir.1968)).

22.

MDI contends that Billiot willfully and knowingly concealed his pre-existing medical conditions and/or failed to disclose them to MDI, including but not limited to prior issues and

injuries to his lumbar and cervical region. These prior injuries include noted traumatic and degenerative issues and problems with his lumbar and cervical spine, the same areas he allegedly injured during the incident on January 18, 2022. Accordingly, Billiot is not entitled to maintenance and cure benefits from MDI. *Brown v. Parker Drilling*, 410 F.3d 166 (5th Cir. 2005); *Jauch v. Nautical Services, Inc.*, 470 F.3d 207 (5th Cir. 2006); *McCorpen v. Central Gulf Steamship Corporation*, 396 F.2d 547 (5th Cir. 1968).

**23.**

Billiot's medical history contains material facts that would have been considered by MDI in making its hiring decision for the position of Leverman had Billiot appropriately disclosed his prior injuries/conditions to MDI.

**24.**

Billiot's prior injuries and medical conditions are causally connected to his current alleged injuries because they relate to the same areas of the body.

**25.**

MDI seeks declaratory judgment to avoid the prejudice and expense it will incur by unjustifiably paying maintenance and cure with no recourse or opportunity to recover improperly paid maintenance and cure payments while simultaneously facing allegations of punitive damages and attorney fees if maintenance and cure is terminated.

**26.**

Billiot has not yet filed suit, but as a result of its payment of maintenance and cure benefits in good faith, MDI now seeks a declaration from this Court as to its obligations and duties. More specifically, MDI seeks a declaration from this Court that it is not responsible for

maintenance or cure or, conversely, a determination with respect to past and future liability for maintenance and cure generally.

27.

MDI was in no way negligent or at fault for the injuries allegedly sustained by Billiot.

28.

MDI desires to conduct discovery with respect to the accident, Billiot's alleged injuries, and Billiot's previous injuries, diagnoses and treatment.

29.

MDI avers that any maintenance and cure issues presented in this action will be best adjudicated by declaratory judgment and that is in the best interest of all parties to have their respective rights and duties with respect to the issue of maintenance and cure decided by this Honorable Court in due haste and course.

**WHEREFORE**, MDI prays:

1. That this Honorable Court order an expedited hearing on this request for declaratory judgment allowing sufficient time for discovery with respect to the issues outlined above;

2. That this Honorable Court issue an order declaring that Billiot is not entitled to receive maintenance and cure benefits until such time as MDI has been allowed to properly investigate Billiot's claim; and that Billiot be ordered to provide executed medical releases and provide his list of medical providers regarding his past and present medical conditions;

3. That, after due proceedings had, this Honorable Court enter declaratory judgment in favor of MDI declaring that MDI was in no way negligent or at fault for the

    injuries allegedly sustained by Billiot on January 18, 2022; and that MDI is not liable to Billiot for any maintenance and cure as a result of Billiot's willful and/or knowing concealment of material past medical conditions; and

4.     That after due proceedings had, this Honorable Court enter declaratory judgment ordering that MDI is entitled to all general, equitable, and other relief to which it may be found to be entitled, whether in law, admiralty or equity.

Respectfully submitted, this 26th day of May, 2022.

                        DAIGLE FISSE & KESSENICH, PLC

                        BY:   */s/Michael W. McMahon*
                                 MICHAEL W. McMAHON (23987)
                                 KIRK N. AURANDT (25336)
                                 RYAN M. BOURGEOIS (29098)
                                 P. O. Box 5350
                                 Covington, Louisiana  70434-5350
                                 Telephone:  985/871-0800
                                 Facsimile:   985/871-0899
                                 Email:  mmcmahon@daiglefisse.com
                                              kaurandt@daiglefisse.com
                                              rbourgeois@daiglefiss.com
                                 **Attorneys for Defendant, Maintenance Dredging I, LLC**

## CERTIFICATE OF SERVICE

    I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others by depositing same in the United States Mail, postage prepaid and properly addressed, this 26th day of May, 2022.

                                 */s/Michael W. McMahon*
                                 MICHAEL W. MCMAHON