DAIGLE FISSE & KESSENICH

Michael W. McMahon

Please Reply To:

P.O. Box 5350
Covington, LA  70434-5350
985.871.0800 phone
985.871.0899 fax
mmcmahon@daiglefisse.com

Physical Address:
227 Highway 21
Madisonville, LA 70447

March 9, 2022

**Via Email: Jerome@broussard-david.com**
Jerome H. Moroux, Esq.
BROUSSARD & DAVID
557 Jefferson Street
Lafayette, LA 70501

      Re:    **Paul Anthony Billiot *v. Maintenance Dredging, Inc.***
              **Our File No. 745-18**

Dear Jerome:

      As you may have been advised by Halverson & Associates, we have been retained by MDI in connection with your representation of Paul Billiot and the pending demands for maintenance and cure.  As you are aware, although maintenance and cure were initially initiated, MDI has an obligation to investigate Billiot's medical treatment and condition in relation to the alleged accident on January 18, 2022. In connection therewith, we enclose herewith medical authorizations which we request that Mr. Billiot execute and return to us along with an itemized list of all healthcare providers who has rendered any treatment to Billiot within three (3) years of this incident and since. As is customary, we will copy you with any medical records received via the authorizations provided and confirm in advance we will not correspond with any of his current treating physicians relative to his alleged injuries.

      Upon receipt of the above, I look forward to receiving the executed authorizations.

      With best regards, I remain

                        Very truly yours,

                        *Michael W. McMahon*
                        MICHAEL W. McMAHON

MWM/sdn
Enclosures

EXHIBIT
**A**

**PAUL BILLIOT JR**
Male  DOB: 06/19/1975
Home Location: ALL

**04/23/2014 - Office Visit Neurosurgery: ERT/ATTY RM 22**
Provider: Kelly J Scrantz MD
Location of Care: The NeuroMedical Center Clinic

## The NeuroMedical Center Clinic

**Referring Provider:** ERT/Attorney Richard Zimmerman

**CC:** ERT/ATTY: Neck Pain, RUE Pain, and Back Pain ,

**History of Present Illness:**
Suffered an injury offshore in 2009, states he injured his neck & back
Was release from the doctor in 2010, went back to work, full duty

W/C case
Has an atty
12/7/13, was helping an 18 wheeler get out of a ditch, went under the the truck to get hooks, the driver
turned the steering wheel, got trapped underneath the truck, R arm and R chest was stuck, + LOC, was
brought to St. Martin ER, had chest fractures, sent home the next day, off of work for a week, went to an
urgent care, sent home, tried to work- last worked 1/2014, got an atty, sent to Dr. Regan, chiro, ordered
MRI of R shoulder and MRI of C-spine, told he has bulging discs & stenosis in his neck, also told he has a
tear in his R shoulder
Started with neck and R shoulder and arm pain at the time of the accident
No complaints like this before
No significant neck or back issues from 2010 until 2013

Neck injury in 2009, pain resolved
States he had no neck pain preceding this accident
Started with new severe neck & arm pain after his work accident
R neck pain, radiates into the R shoulder and into the R arm, stops in his R hand
R arm & hand N/T
R arm & hand weakness, shakes, drops items
MRI C-spine
Tried PT/chiro, no relief
No ESIs

**Past Medical History:**
    Reviewed history and no changes required:
       unremarkable

**Past Surgical History:**
    Reviewed history and no changes required:
       unremarkable

**Conservative Therapy History**

**Imaging/Diagnostic Studies:**


EXHIBIT
B



**Barczyk Chiropractic Group**

204 Petroleum Drive
Lafayette, LA 70508-3880
(337) 266-9949
Fax (337) 266-9951

724 South Lewis Street
New Iberia, LA 70560-4837
(337) 369-7011
Fax (337) 369-7022

1210 South Union Street, Ste. 2
Opelousas, LA 70570-5975
(337) 678-0850
Fax (337) 678-0820

5248 Corporate Blvd., Ste. C
Baton Rouge, LA 70808-2503
(225) 925-2555
Fax (225) 923-3691

February 25, 2014

| | |
|---|---|
| **PATIENT NAME:** | Paul Billiot, Jr. |
| **DATE OF ACCIDENT:** | December 7, 2013 |
| **PATIENT FILE #:** | 11533 |

Mr. Paul Billiot, Jr. presented on February 12, 2014 for examination of injuries sustained in a work related incident which occurred on December 7, 2013.

**PAST MEDICAL HISTORY:**
Mr. Billiot was involved in an offshore incident resulting in traumatic brain injuries, facial fractured, and lumbar spine disc herniation.

**HISTORY OF THE INJURY:**
Mr. Billiot was hooking an 18-wheeler to a winch connected to his tow truck when his right arm and chest were pinned by the front wheel of the 18 wheeler. He remained pinned until the wheels were turned back to correct position.

**PRIMARY SYMPTOMS:**
The following is a list of Mr. Billiot's symptoms.
1. Neck pain
2. Headache
3. Chest pain
4. Right shoulder pain
5. Right arm/hand numbness and tingling
The pain began immediately following the incident. The pain occurs daily and is aggravated with palpation of right shoulder, and chest wall, and right shoulder movement.

**PHYSICAL EXAMINATION:**
**General**
Mr. Billiot presented as an alert and cooperative 38-year-old male of medium build and gave a straightforward accounting of his injury and present complaints. His stated height was 5'5" and his stated weight was 165 pounds.

**Cervical Spine**
Cervical range of motion was restricted and produced pain. Cervical orthopedic tests including Cervical Compression, Shoulder depressor on the right, and Soto Hall were shown to elicit positive responses. Palpation notes edema, spasm, and joint fixation in the



EXHIBIT
C

upper thoracic spine bilaterally, mid cervical spine and lower cervical spine on the right.

**Extremities**
Examination of the right shoulder revealed pain with palpation to lateral deltoid, AC joint, and bicep tendon.

**Neurological examination:**
Upper extremity DTRs were 2+ and symmetric. Motor and sensation of the upper extremities appeared to be intact. Muscle strength as measured by manual muscle testing was found to be 5/5 in all groups of the upper extremities.

**RADIOGRAPHIC FINDINGS:**
Radiographs of the cervical spine, thoracic spine, and bilateral shoulders were obtained February 25, 2014.
1. Retrolisthesis at C2 and C3 observed
2. Decrease in normal cervical curve
3. Mild degenerative changes observed at C5 and C6
4. No bony abnormalities observed in the thoracic spine or right shoulder

**OVERALL DIAGNOSTIC IMPRESSION:**
1. Post-traumatic cervical pain syndrome
2. Right upper extremity pain--discogenic vs. scleratogenous
3. Cervicogenic headache
4. Rotator Cuff Sprain
5. Acromioclavicluar Sprain
6. Contusion, chest wall
7. Muscle spasm, neck

**TREATMENT:**
Mr. Billiot's treatment consists of spinal manipulative therapy and electric muscle stimulation.

**PROGNOSIS:**
The prognosis for recovery is guarded. At this time, it is difficult to offer an accurate prognosis.

David J. Barczyk, D.C.

cc: McKernan Law Firm, Attorney
cc: Patient File #11533

2

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PAUL BILLIOT, JR.** | * | **CIVIL ACTION NO:** |
| **VERSUS** | * | **SECTION:** |
| **TRAYLOR-MASSMAN-WEEKS, LLC** | * | **MAG.:** |

### <u>COMPLAINT</u>

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, Paul Billiot, Jr., respectfully representing as follows:

1.

Plaintiff, Paul Billiot, Jr., is a person of the full age of majority and resident domiciliary of the Parish of St. Martin, State of Louisiana.

2.

The defendant named herein is Traylor-Massman-Weeks, LLC, a limited liability company with its registered agent and domiciliary address located in the Parish of Orleans, State of Louisiana.

3.

This matter is brought before this Honorable Court pursuant to Title 46 U.S.C. 688 ("Jones Act") and the General Maritime Law.

4.

This Honorable Court has maritime jurisdiction over this matter pursuant to 28 U.S.C. 1333 and plaintiff hereby requests a bench trial pursuant to Rule 9(h).

5.

Defendant is justly and truly indebted unto plaintiff for the following reasons, to wit:



6.

At all times pertinent to this litigation, the plaintiff, Paul Billiot, Jr., was employed by defendant, Traylor-Massman-Weeks, LLC, and assigned to work aboard the M/V BILL STAHL, a vessel owned and operated by Traylor-Massman-Weeks, LLC.

7.

At all times pertinent herein, plaintiff was assigned to work aboard a vessel and/or fleet of vessels and barges owned and/or operated by Traylor-Massman-Weeks, LLC such that he contributed to the function and/or mission of said vessel and/or fleet of vessels and maintained a connection to said vessel and/or fleet of vessels that was substantial in both duration and nature.

8.

At all times pertinent to this litigation, defendant was the owner and operator of the M/V BILL STAHL and the cement barge to which the M/V BILL STAHL was made up to at the time of the accident.

9.

Sometime around January 21, 2010 to January 28, 2010, plaintiff was involved in a work related accident which took place aboard the cement barge coupled to the M/V BILL STAHL, which resulted in serious and permanent injuries to plaintiff.

10.

Sometime around January 21, 2010 to January 28, 2010, plaintiff was working as a deckhand on the M/V BILL STAHL. As he performed his work in service of the vessel, plaintiff was aboard the cement barge when a large pipe fell from the upper deck of the barge to the lower deck of the barge, struck plaintiff on the head and caused plaintiff severe personal injuries.

11.

When the pipe struck plaintiff, it caused severe injuries to his head, neck, forehead, jaw, teeth, and upper and lower extremities.

12.

At all times pertinent herein, plaintiff Paul Billiot, Jr., was in the course and scope of his employment with Traylor-Massman-Weeks, LLC working as a crewmember aboard the M/V BILL STAHL and the accompanying cement barge.

13.

The negligent actions and/or inactions of Traylor-Massman-Weeks, LLC and its employees and/or agents are more fully set forth in the following non-exclusive list of particulars:

    (a)    failing to provide plaintiff with a safe place in which to work;

    (b)    failing to provide plaintiff with appropriate safety equipment sufficient to avoid the dangers which led to his injuries;

    (c)    failing to properly supervise plaintiff's work-related activities and to maintain appropriate safety standards;

    (d)    failing to properly supervise employees;

    (e)    failing to properly supervise and to oversee the work taking place aboard the M/V BILL STAHL and the accompanying barge;

    (f)    failing to generally exercise that degree of care commensurate with the conditions existing at the time;

    (g)    failing to properly man the vessel and provide proper training to the plaintiff and other employees;

    (h)    any other acts of defendant's negligence or that may be proven at trial.

3

14.

All of the above-cited actions and/or inactions of defendant are violations of the Jones Act, the General Maritime Law, and the laws of the United States of America, all of which are plead herein as if set forth in extension.

15.

Further, pursuant to the General Maritime Law of the United States of America, the defendant had the duty to provide the plaintiff with a safe and seaworthy vessel, but this duty was breached and violated by the defendant in the particulars herein described and due to the facts set forth herein, as such, the M/V BILL STAHL and the accompanying cement barge, their appurtenances, and their crew were inadequate and therefore unseaworthy. The unseaworthiness of the M/V BILL STAHL and accompanying cement barge was a direct and proximate cause of the accident which caused the severe injuries to plaintiff.

16.

As a result of the incident forming the subject matter of this litigation, plaintiff sustained severe and debilitating injuries to his head, neck, mouth, upper extremities, back, and other parts of his body, all of which will be proven at the trial of this matter.

17.

Plaintiff has and will continue to sustain the following damages in connection with his personal injuries:

(a)    Past and future lost wages, income, earning capacity, employment related benefits and found;

(b)    Physical pain and suffering;

(c)    Mental and emotional pain and suffering;

4

(d)     Past and future medical and life care planning expenses;

(e)     Loss of enjoyment of life; and

(f)     Additional damages to be shown at the trial of this matter.

18.

As a result of his injuries sustained as a Jones Act seaman, plaintiff is entitled to full maintenance and cure benefits from his employer, Traylor-Massman-Weeks, LLC, until such time as he reaches maximum medical cure.  Traylor-Massman-Weeks, LLC is indebted unto plaintiff for maintenance benefits in the amount of THIRTY ($30.00) DOLLARS per day from the date of the accident until he has fully recovered from his injuries, or such amount as he is legally entitled to, together with interest from the date of the occurrence, reasonable attorney's fees and all costs of these proceedings.

19.

Despite adequate notice and equitable demand made upon Traylor-Massman-Weeks, LLC by plaintiff, defendant has refused to fully satisfy the maintenance and cure obligations that it owes to its employee and Jones Act seaman, Paul Billiot, Jr.  Traylor-Massman-Weeks, LLC's continued refusal to satisfy its maintenance and cure obligations is both arbitrary and capricious, and plaintiff herein seeks any and all punitive damages, compensatory damages and penalties allowed to him under the general maritime law as a result of Traylor-Massman-Weeks, LLC's actions and/or inactions.

20.

Plaintiff herein seeks any and all legal and equitable interest allowable to him under the Jones Act, the General Maritime Law, and applicable federal laws.

21.

Venue is proper with this Honorable Court as defendant, Traylor-Massman-Weeks, LLC, operates with its registered agent and domiciliary address within the Eastern District of Louisiana and the accident occurred within the jurisdiction of the Eastern District of Louisiana.

**WHEREFORE,** plaintiff, Paul Billiot, Jr., prays that defendant, Traylor-Massman-Weeks, LLC, be served with a copy of the instant Complaint and that after trial and all due proceedings there be judgment rendered in favor of plaintiff in the sum of SEVEN MILLION DOLLARS AND N0/100 ($7,000,000.00), along with all appropriate interest and costs. Plaintiff also prays for all other appropriate general and equitable relief necessary and proper under the circumstances.

Respectfully submitted,

BY: _____
**STANLEY J. JACOBS, #7211**
**JODI JACOBS AAMODT, #21639**
**JACOBS, MANUEL, KAIN & AAMODT**
500 Saint Louis Street – Suite 200
New Orleans, LA 70130
Telephone: (504) 523-1444
Facsimile: (504) 524-1655

- and –

**COSSICH, SUMICH, PARSIOLA & TAYLOR, L.L.C.**

**PHILIP F. COSSICH, JR., #1788**
**DARREN D. SUMICH #23321**
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Telephone: (504) 394-9000
Facsimile: (504) 394-9110

Attorneys for Plaintiff

Case 2:10-cv-00867-HGB-DEK   Document 1-1   Filed 03/15/10   Page 1 of 2

℧JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Paul Billiot, Jr.

## DEFENDANTS
Traylor-Massman-Weeks, LLC

**(b)** County of Residence of First Listed Plaintiff   St. Martin
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Orleans
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
(see attached)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☒ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
      Proceeding

☐ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      another district
      (specify)

☐ 6  Multidistrict
      Litigation

☐ 7  Appeal to District
      Judge from
      Magistrate
      Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
46 USCA 688
Brief description of cause:
Jones Act - Maritime Tort

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
03/15/2010

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

1 (c)
Stanley J. Jacobs and Jodi Jacobs Aamodt
Jacobs Manuel Kain & Aamodt
 500 St. Louis Street
Ste. 200
New Orleans LA  70130
504-523-1444

Philip F. Cossich, Jr. and Darren D. Sumich
Cossich Sumich Parsiola & Taylor
8397 Highway 23
Belle Chasse, LA  70037
504-394-9000

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PAUL BILLIOT, JR.** | * | **CIVIL ACTION NO: 2:10-cv-00867** |
| | * | |
| **VERSUS** | * | **SECTION: C** |
| | * | |
| **TRAYLOR-MASSMAN-WEEKS, LLC** | * | **MAG. 3** |
| | * * * * * * * | |

## FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Paul Billiot, Jr., who moves this Honorable Court to amend his Original Complaint as follows:

1.

Plaintiff hereby withdraws his request for a bench trial and exercises his right to a trial by jury as a Jones Act seaman.

2.

Except as modified, changed or altered herein, plaintiff adopts and reasserts all earlier filed allegations and pleadings asserted in this matter as if copied herein in its entirety.

3.

Leave of Court is not necessary for the filing of this First Supplemental and Amending Complaint as this is plaintiff's first such amendment or supplementation and no responsive pleadings to plaintiff's Original Complaint have yet been served.

**WHEREFORE**, plaintiff, Paul Billiot, Jr., hereby requests that this matter proceed as a trial by jury and prays for a judgment herein in his favor and against the defendant, Traylor-Massman-Weeks, LLC, in such an amount as is just and reasonable in the premises, including interest and costs.  Plaintiff also hereby requests all other general and equitable relief to which he may be entitled.

Respectfully submitted,

**JACOBS, MANUEL, KAIN & AAMODT**
    (A Group of Professional Law Corporations)
**STANLEY J. JACOBS, ESQ., #7211**
**JODI J. AAMODT, ESQ., #21639**
    jmk_jodi@bellsouth.net
500 St. Louis Street, Suite 200
New Orleans, LA  70130-2l.l8
Telephone:    (504) 523-1444
Facsimile:    (504) 524-1655

and

**COSSICH, SUMICH, PARSIOLA & TAYLOR, L.L.C.**

BY:    /s Darren D. Sumich
**PHILIP F. COSSICH, JR., #1788 (T.A.)**
    pcossich@cossichlaw.com
**DARREN D. SUMICH, #23321**
    dsumich@cossichlaw.com
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Telephone:    (504) 394-9000
Facsimile:    (504) 394-9110

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON March 16, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to the proper attorneys in this matter.

COSSICH, SUMICH, PARSIOLA & TAYLOR, L.L.C.

BY:   /s Darren D. Sumich
**PHILIP F. COSSICH, JR., #1788 (T.A.)**
pcossich@cossichlaw.com
**DARREN D. SUMICH, #23321**
dsumich@cossichlaw.com
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Telephone:   (504) 394-9000
Facsimile:   (504) 394-9110

3

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PAUL BILLIOT, JR.** | * | **CIVIL ACTION NO: 2:10-cv-00867** |
| | * | |
| **VERSUS** | * | **SECTION: C** |
| | * | |
| **TRAYLOR-MASSMAN-WEEKS, LLC** | * | **MAG.: 3** |
| | * * * * * * * * | |

## SECOND SUPPLEMENTAL AND AMENDING COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, Paul Billiot, Jr.,
who moves this Honorable Court to amend his Original and First Supplemental and Amending
Complaints as follows:

1.

Defendant, TRAYLOR-MASSMAN-WEEKS, LLC, (hereinafter sometimes referred to
as "TMW"), has alleged that plaintiff was not working as a seaman under the purview of the
Jones Act when the incident identified in plaintiff's complaint occurred, but is instead covered
by the Longshoreman and Harbor Worker's Compensation Act.

2.

Therefore, to the extent that plaintiff may be covered under the Longshoreman and
Harbor Worker's Compensation Act, plaintiff hereby amends and supplements his Original and
First Supplemental and Amending Complaints to assert alternative causes of action for
negligence and fault against TMW under 33 U.S.C. Section 901 *et seq.*, including Sections
905(b) and 933, of the Longshoreman and Harbor Worker's Compensation Act for its actions, as
well as the actions of its agents and employees, as the owner and/or operator of both the tug boat

and the barge that plaintiff was working upon when the incident described in his Complaint occurred, both vessels under the Longshoreman and Harbor Worker's Compensation Act.

3.

In the further alternative, plaintiff asserts causes of action for negligence, fault and/or unseaworthiness against TMW in their capacity as the owner and/or operator of both the tug boat and the barge plaintiff was working upon when the incident described in his Complaint occurred under the *Yaka* doctrine and/or *Sieracki* seaman doctrine.

4.

All of plaintiff's damages asserted in this litigation were caused by the negligence, fault and/or unseaworthiness of TMW as originally or alternatively plead by plaintiff in this litigation.

5.

Plaintiff hereby asserts that TMW is negligent and liable to plaintiff under the doctrine of *res ipsa loquitur*.

6.

Except as modified, changed or altered herein, plaintiff adopts and reasserts all earlier filed allegations and pleadings asserted in this matter as if copied herein in their entirety.

**WHEREFORE**, Plaintiff prays that his original and First Supplemental and Amending Complaint be supplemented and amended in the above and foregoing exclusive particulars and that after due proceedings have been had there be Judgment rendered herein in favor of plaintiff and against the defendant, TMW, for all damages as are reasonable in the premises along with all appropriate legal interest and costs.

Respectfully submitted,

**JACOBS, MANUEL, KAIN & AAMODT**
(A Group of Professional Law Corporations)
**STANLEY J. JACOBS, ESQ., #7211**
**JODI J. AAMODT, ESQ., #21639**
500 St. Louis Street, Suite 200
New Orleans, LA  70130-2118
Telephone:    (504) 523-1444
Facsimile:    (504) 524-1655

and

**COSSICH, SUMICH, PARSIOLA & TAYLOR, L.L.C.**

BY:   ___/s/ Darren D. Sumich_____
      **PHILIP F. COSSICH, JR., #1788**
      **DARREN D. SUMICH, #23321**
      8397 Highway 23, Suite 100
      Belle Chasse, LA 70037
      Telephone: (504) 394-9000
      Facsimile: (504) 394-9110

Attorneys for Plaintiff

3

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PAUL BILLIOT** | * | **CASE NO.** |
| **Plaintiff** | * | |
| | * | **JUDGE:** |
| | * | |
| **VERSUS** | * | |
| | * | **MAGISTRATE** |
| | * | |
| **CRETE CARRIER CORPORATION and** | * | |
| **ALBERT CANDELARIA** | * | |
| **Defendants** | * | **A JURY IS DEMANDED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:   The Honorable Judges
      of the United States District Court
      for the Western District of Louisiana

Defendants, Crete Carrier Corporation and Albert Candelaria, file this *Notice of Removal* pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and hereby remove this matter from the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, to the docket of this Honorable Court. Defendants file this *Notice of Removal* without waiving any defenses, exceptions or obligations that may exist in their favor in state or federal court. In support of this removal, defendants allege as follows:

1.

On the 4th day of December, 2014, the attached *Petition for Damages* was filed in the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, entitled *Paul Billiot versus Crete Carrier Corporation and Albert Candelaria*, bearing case number 82120.[1] Citation

---

[1] Exhibit "A" -*Petition for Damages* w/ Citation .



was issued on December 5, 2014.[2]  Plaintiff's counsel issued service of the *Petition for Damages* and Citation via certified mail to Crete Carrier Corporation on or about December 9, 2014.[3]  Said mail was received on December 15, 2014.[4]  Albert Candelaria has been served with the *Petition for Damages* and Citation via Long Arm Service as well.

2.

Plaintiff's *Petition for Damages* alleges that on or about December 7, 2013,  Paul Billiot suffered personal injuries as a result of  being pinned between the tires and the wheel well of the 18-wheeler operated by Albert Candelaria in St. Martin Parish, Louisiana.[5]  The plaintiff alleges that he is a Louisiana resident.[6]

3.

In the *Petition for Damages*, plaintiff names Crete Carrier Corporation and Albert Candelaria as defendants.  The *Petition for Damages* alleges that:

- Albert Candelaria  is a resident of the state of Arizona; and
- Crete Carrier Corporation is a foreign corporation organized under the laws of Nebraska.

4.

Defendants aver that Crete Carrier Corporation is a foreign corporation incorporated in the State of Nebraska and with its principal place of business in Lincoln, Nebraska.

5.

Defendants aver that Albert Candelaria is a resident and domiciliary of Arizona.

---

[2] *Id.*
[3] Exhibit "B" -Correspondence from Plaintiff's Counsel dated January 21, 2015.
[4] *Id.*
[5] Exhibit "A" -*Petition for Damages*  w/ Citation.
[6] *Id.*

6.

All defendants consent to the removal of this matter.

7.

The plaintiff's *Petition for Damages* alleges personal injury to Paul Billiot and itemizes his damages at a minimum as follows:

- Physical Pain and Suffering – past, present and future;

- Mental Pain, Anguish, and Distress – past, present and future;

- Loss of Enjoyment of Life – past, present and future;

- Lost Wages – past, present, and future;

- Disability – past, present and future;

- Impairment of Earning Capacity – past, present and future ;

- Medical Expenses – past, present and future; and

- Other elements of damages to be more fully set forth at the trial of this matter.[7]

8.

Plaintiff did not plead a monetary sum for damages, nor did the plaintiff allege that his damages exceeded the requisite amount for federal jurisdiction pursuant to 28 U.S.C. §§ 1332.

9.

On or about January 21, 2015, counsel for plaintiff sent correspondence advising that the plaintiff, Mr. Billiot, will require cervical surgery as a result of the accident made the basis of this litigation.[8]

---

[7] Exhibit "A" -Petition for Damages.
[8] Exhibit "B" -Correspondence from Plaintiff's Counsel dated January 21, 2015.

10.

This letter qualified as "new paper" pursuant to 28 U.S.C. §1446(b)(3).

11.

Albert Candelaria and Crete Carrier Corporation desire to have this matter removed from the docket of the 16th Judicial District Court, Parish of St. Martin, State of Louisiana pursuant to the provisions of 28 U.S.C. § 1332 et seq. and 28 U.S.C. § 1446 et seq.

12.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and this action is, therefore, removable to this Court on the basis that:

A.   The properly joined parties to this action are completely diverse:

  1.   Plaintiff, Paul Billiot, is a person of the full age of majority and a resident of the State of Louisiana;[9]

  2.   Albert Candelaria is a resident of Arizona; Crete Carrier Corporation is a foreign corporation organized under the state laws of Nebraska with its principal place of business in Lincoln, Nebraska.[10]

B.   The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

  1.   The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy – preferably in the removal

---

[9] Exhibit "A" (Petition for Damages).
[10] *Id.*

petition, but sometimes by affidavit – that support a finding of the requisite amount.'"[11]

2.      Attached to this *Notice of Removal* as Exhibit B, is correspondence from plaintiff's counsel wherein the defendants are informed that Mr. Billiot will require cervical surgery as a result of the accident made the basis of this litigation.

3.      In *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999), the Fifth Circuit held that a removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  While defendants admit no liability, nor any element of damages, the letter produced by plaintiffs on or about January 21, 2015 establishes by a preponderance of the evidence that the amount in controversy exceeds the $75,000 threshold.

4.      In *Peoples v. Fred's Stores of Tenn.*, 2009-1270 (La. App. 3 Cir. 6/2/10); 38 So.3d 1209, plaintiff was awarded $85,000 for a central disc bulge in the cervical spine which required injections and future surgery was contemplated. In *Cormier v. Republic. Co.*, 2011-632 (La. App. 3 Cir. 1/18/12), 118 So.3d 16, plaintiff was awarded $110,000 for a cervical fusion. In *Anderson v. Tenneco Oil Co.*, 2001-0295 (La. App. 4 Cir. 5/22/02), 826 So.2d 1143, plaintiff was awarded $200,000 for a contemplated future anterior cervical fusion surgery.

---

[11] *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

13.

Defendants have filed this *Notice of Removal* within 30 days of receiving the written correspondence from the plaintiff's counsel advising that Mr. Billiot will be undergoing neck surgery.  Accordingly, it is timely pursuant to 28 U.S.C. §1446(b)(3), which provides "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

14.

The 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, is located within the Western District of Louisiana pursuant to 28 U.S.C. § 98.  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

15.

Pursuant to 28 U.S.C. § 1446(a) a copy of the *Petition for Damages* is attached hereto and marked by identification as Exhibit "A."  Pursuant to 28 U.S.C. § 1446(d), a copy of this *Notice of Removal* is being served upon plaintiff and a copy is being filed with the Clerk of Court for the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana.  No other process, pleadings, or orders have been served upon defendant.

16.

No previous application has been made for the relief requested herein.

17.

The *Notice of Removal* is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

18.

Albert Candelaria and Crete Carrier Corporation are entitled to and request a trial by jury herein on all issues.

**WHEREFORE**, the removing defendants, Albert Candelaria and Crete Carrier Corporation, pray that the above action now pending in the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, be removed therefrom to this Honorable Court and for trial by jury.

Respectfully submitted,

*/s/ Matthew J. Garver*
MICHAEL SISTRUNK (12111)
MATTHEW J. GARVER (30513)
HEATHER M. NAGEL (33296)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, McDANIEL & WELCH, LLC
195 Greenbriar Blvd., Suite 200
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
Attorneys for Defendants, Albert Candelaria
and Crete Carrier Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed this 23rd day of January, 2015.

*/s/ Matthew J. Garver*

PAUL BILLIOT                           DOCKET NO.: 82120   SECTION: E

VERSUS                                 16TH JUDICIAL DISTRICT COURT

                                       ST. MARTIN PARISH
CRETE CARRIER CORPORATION AND
ALBERT CANDELARIA                      STATE OF LOUISIANA
*********************************************************************

<u>PETITION FOR DAMAGES</u>

NOW, INTO COURT, through undersigned counsel, comes plaintiff, **PAUL BILLIOT**, a person of legal age of majority, domiciled in the parish of St. Martin, State of Louisiana, who respectfully represents the following Petition for Damages to wit:

1.

Made defendants herein are the following:

A. **CRETE CARRIER CORPORATION**, upon information and belief, a foreign Corporation organized under the laws of the State of Nebraska, and doing substantial business activity within the State of Louisiana, and deriving substantial revenue from such business activity within the State of Louisiana, and thus amenable to exercise of personal jurisdiction by this Honorable Court over it pursuant to the provisions of the Louisiana Long Arm Statute, La. R.S. 13:3201, et seq., and that can be served at 400 NW 56th Street, Lincoln, Nebraska 68528-8842; and

B. **ALBERT CANDELARIA**, upon information and belief, a Arizona resident of the full age of majority, who has caused injury and damages by his negligence in this State and is therefore amenable to exercise of personal jurisdiction by this Honorable Court, pursuant to the provisions of the Louisiana Long-Arm Statute, La. R.S. 13:3201, et seq., and who can be served at 409 E. Mountain view Road, SanTan Valley, Arizona, 85143.

2.

The above named defendants are justly and truly indebted, jointly and *in solido*, unto the Petitioner for damages, injuries, and losses sustained, together with legal interest from the date of judicial demand, costs of these proceedings, and other general and equitable relief described herein for the following reasons:

3.

On or about December 7, 2013, at approximately 10:00 p.m., **ALBERT CANDELARIA**, was operating a tractor-trailer, hereinafter referred to as the "**18-WHEELER**", attempting to pull out of the former Crawfish Kitchen Restaurant parking lot on Louisiana Highway 328, in Breaux Bridge, Louisiana.

4.

As the 18-WHEELER attempted to exit the parking lot, the rear portion of its trailer fell into an adjacent ditch, causing the 18-WHEELER to become disabled and blocking the roadway.

5.

Shortly thereafter, **PAUL BILLIOT** arrived at the scene of the disabled **18-WHEELER** in a tow truck and offered assistance to pull the **18-WHEELER** out of the ditch.

6.

After **ALBERT CANDELARIA** requested that **PAUL BILLIOT** pull the **18-WHEELER** from the ditch, **PAUL BILLIOT** instructed **ALBERT CANDELARIA** not to touch anything or move any portion of the **18-WHEELER** because **PAUL BILLIOT** was climbing under the **18-WHEELER** to attach chains and tow hooks.

7.

Shortly thereafter, while **PAUL BILLIOT** was under the **18-WHEELER**, **ALBERT CANDELARIA** began turning the wheels of the **18-WHEELER** and crushed **PAUL BILLIOT** between the tires and the wheel well of the truck.

8.

As a result of the above described incident, plaintiff, **PAUL BILLIOT**, sustained injuries including, but not limited to:

1) Neck pain;

2) Arm pain;

3) Shoulder pain;

4) Back pain;

5) Leg pain;

6) Chest and abdominal pain;

7) Depression; and

8) Other injuries which will be more fully established at trial.

9.

Plaintiff, **PAUL BILLIOT**, claims the following damages as a result of this incident and

injuries:

1) Physical pain and suffering – past, present and future;

2) Mental pain, anguish and distress– past, present and future;

3) Loss of enjoyment of life – past, present and future;

4) Lost wages – past, present and future;

5) Disability – past, present and future;

6) Impairment of earning capacity– past, present and future;

7) Medical expenses – past, present and future; and

8) Other elements of damages to be more fully set forth at the trial of this matter.

10.

Petitioner avers that defendants, **ALBERT CANDELARIA AND CRETE CARRIER CORPORATION**, are liable for all such injuries caused by their fault and neglect under LA C.C. art. 2315.

11.

Plaintiff alleges that a substantial cause of the incident and the plaintiff's damages was the fault and negligence of **ALBERT CANDELARIA**, which is described in part, but not exclusively, as follows:

1) In failing to see what he should have seen and if have seen, in failing to act prudently;

2) In moving the steering wheel while the Petitioner was under the 18-WHEELER;

3) In disregarding the warnings provided by Petitioner;

4) Any and all acts of negligence, omissions, and/or legal fault that shall be discovered and shown at the time of this trial, including violations of federal, state, and parish traffic regulations and ordinances.

12.

Plaintiff is informed, believes, and therefore alleges that at all times material hereto, **ALBERT CANDELARIA** was in the course and scope of his employment with defendant, **CRETE CARRIER CORPORATION**, causing **CRETE CARRIER CORPORATION**, to be responsible for any and all negligence and fault of **ALBERT CANDELARIA** in connection with the above-described incident.  Plaintiff therefore specifically pleads the doctrine of respondeat superior under LA C.C. art 2320.

13.

In addition to the negligence alleged heretofore, plaintiff alleges that a substantial cause of the above-described incident was the fault and/or negligence of **CRETE CARRIER CORPORATION**, which is described in part, but not exclusively as follows:

1) In failing to provide proper driving training;

2) In failing to employ a safe and competent driver;

3) In failing to properly supervise and instruct its drivers; and

4) Any and all acts of negligence, omissions, and/or legal fault that shall be discovered and shown at the time of this trial, including violations of federal, state, and parish traffic regulations and ordinances.

14.

**WHEREFORE PLAINTIFF PRAYS** that the defendants be served with a copy of this petition and citation, and after all legal delays and due proceedings had, there be judgment in favor of the plaintiff, **PAUL BILLIOT** and against the defendants, **CRETE CARRIER CORPORATION AND ALBERT CANDELARIA**, jointly severally, and *in solido* for compensatory damages in an amount that will fully and adequately satisfy the demands of justice and equity, together with legal interest thereon form date of judicial demand, until paid, and for all cost of these proceedings.

Respectfully submitted,

MCKERNAN LAW FIRM

RICHARD F. ZIMMERMAN, III (#31374)
5630 Bankers Avenue
Baton Rouge, Louisiana – 70808
Phone: (225) 926 1234
Facsimile: (225) 926 1202

**PLEASE SERVE:**

**CRETE CARRIER CORPORATION**
Pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201, et seq.
400 NW 56th Street
Lincoln, Nebraska 68528-8842

**ALBERT CANDELARIA**
Pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201, et seq.
409 E. Mountain View Road
SanTan Valley, Arizona, 85143

RECEIVED AND FILED

2014 DEC -4  AM 9:00

DEPUTY CLERK OF COURT
ST. MARTIN PARISH

**PATIENT NAME:** Billiot, Paul
**BIRTH DATE:** 6/19/1975
**MPI#:** LAF62071
**DATE OF EXAM:** 3/7/2014

**REFERRED BY:** Joshua Regan, DC
204 Petroleum Dr
Lafayette, LA 70508

ENVISION **IMAGING**

**EXAM:** MRI Cervical Spine WO

**HISTORY:** Injury on 12/7/2013. Patient has right-sided neck pain and right shoulder pain.

**FINDINGS:** The visualized posterior fossa is unremarkable. Mild to moderate mucosal thickening within the left maxillary sinus. Small air-fluid level in the sphenoid sinus. No bone marrow or cord edema.

C2-C3: Unremarkable.

C3-C4: Posterior disc bulge without central canal stenosis. Mild foraminal stenosis bilaterally.

C4-C5: Posterior disc bulge without central canal stenosis. Bilateral foraminal stenosis, mild to moderate on the right and mild on the left.

C5-C6: Disc space narrowing. Spondylitic disc bulge resulting in central canal stenosis. The AP diameter of the central canal measures 8.4 mm. Moderate foraminal stenosis bilaterally.

C6-C7: Posterior disc bulge resulting in central canal stenosis. The AP diameter of the central canal measures 8.8 mm. Mild to moderate foraminal stenosis bilaterally.

C7-T1: Unremarkable.

Impression: Posterior disc bulge without central canal stenosis at C3-C4. Mild foraminal stenosis bilaterally.

Posterior disc bulge without central canal stenosis at C4-C5. Bilateral foraminal stenosis, mild to moderate on the right and mild left.

Spondylitic disc bulge at C5-C6 resulting in central canal stenosis. Moderate foraminal stenosis bilaterally.

856-B Kaliste Saloom Rd Lafayette, LA 70508 - Phone: (337)593-9500 - Fax: (337)593

**EXHIBIT**
**F**

**PATIENT NAME:**   Billiot, Paul
**BIRTH DATE:**   6/19/1975
**MPI#:**   LAF62071
**DATE OF EXAM:**   3/7/2014

ENVISION **IMAGING**

Posterior disc bulge at C6-C7 resulting in central canal stenosis. Mild to moderate foraminal stenosis bilaterally.

F. Michael Hindelang III, MD
This document was electronically signed by F. Michael Hindelang III, MD on 3/9/2014

**Paul Billiot Jr**
05/21/2014 10:11 AM
Location: Spine Diagnostic and Pain Treatment Center
Patient #: 93300
DOB: 06/19/1975
Language: English / Race: Refused to Report/Unreported / Ethnicity: Not Hispanic or Latino
Gender: Male

**History of Present Illness** *(Joseph W Turnipseed, MD 05/21/2014 12:28 PM)*
    Patient words: Referring MD: Dr. Scrantz

    The patient is a 38 year old male who presents with neck pain. The patient is in the office today for a initial visit. Symptoms include neck pain. The patient describes symptoms as worsening. Symptoms are located in the right posterior neck. The pain radiates to the right shoulder and right arm. The symptoms occur constantly. The patient reports a current pain level 10/10. The patient describes the pain as sharp, burning, stinging and throbbing. Symptoms are exacerbated by turning the head to the right, turning the head to the left, neck flexion and neck extension. Symptoms are relieved by nothing. Note for "Neck pain":

He was involved in an accident on 12/7/13. He was a tow truck driver that crawled under his truck and the driver maneuvered the truck and crushed him. There was LOC and required an ER visit with c/o chest wall, neck pain and right shoulder pain. X-rays were completed in ER and he was released same day. He received chiropractic treatment and this helped somewhat. His chest wall pain has improved. His chief complaint is of right sided neck pain radiating into his right upper extremities with associated numbness and tingling. He reports neck and lower back pain after a work injury in 2009. This was treated with physical therapy and injections. His pain eventually resolved over that year, and he was able to return to work.

**Allergies** *(Riley Crehan; 05/21/2014 10:14 AM)*
No Known Drug Allergies 05/21/2014

**Family History** *(Riley Crehan; 05/21/2014 10:14 AM)*
Hypertension

**Social History** *(Riley Crehan; 05/21/2014 10:14 AM)*
Marital status
Current tobacco use: Current every day smoker
Non Drinker/No Alcohol Use

**Medication History** *(Riley Crehan; 05/21/2014 10:14 AM)*
Norco (10-325MG Tablet, Oral as needed) Active.
Flexeril (10MG Tablet, Oral once daily) Active.

**Other Problems** *(Riley Crehan; 05/21/2014 10:14 AM)*
No pertinent past medical history

**Past Surgical** *(Riley Crehan; 05/21/2014 10:14 AM)*
No pertinent past surgical history

**Diagnostic Studies** *(Riley Crehan; 05/21/2014 10:14 AM)*
Diagnostic Studies; C-MRI (3/7/14) spondylotic disc bulges C3C4- C5C6 with foraminal stenosis. At C5C6 and C6c7 there is central canal stenosis.

SHOULDER MRI (3/7/14) Hypertrophic degenerative changes involving the acromioclavicular joint. Fraying of the suprasprnatus tendon without full-thickness tear.



EXHIBIT
G1

**Review of Systems** *(Joseph W Turnipseed, MD; 05/21/2014 12:28 PM)*
**General:** Present- **Right handed, Sleep disturbances, Night Sweats, Tiredness** and **Shakiness**. Not Present- Appetite Loss, Chills, Fatigue, Fever, Weight Gain and Weight Loss.
**Skin:** Not Present- Bruising, Dryness, Itching, Rash and Skin Color Changes.
**HEENT:** Present- **Headache** and **Blurred Vision**. Not Present- Double Vision, Eye Pain, Wears glasses/contact lenses, Hearing Loss, Ear Pain, Ringing in the Ears and Nose Bleed.
**Respiratory:** Not Present- Cough, Difficulty Breathing, Snoring, Sputum Production and Wheezing.
**Cardiovascular:** Not Present- Chest Pain, Edema, Fainting, Hypertension, Leg Cramps, Leg Pain and/or Swelling, Palpitations and Shortness of Breath.
**Gastrointestinal:** Not Present- Abdominal Pain, Constipation, Diarrhea, Difficulty Swallowing, Incontinence of Stool, Nausea, Painful Swallowing, Rectal Bleeding and Vomiting.
**Musculoskeletal:** Present- **Neck Pain, Neck stiffness, Joint Pain, Muscle Cramps** and **Shoulder pain**. Not Present- Thoracic pain, Decreased Range of Motion, Muscle Weakness, Jaw Pain, Knee pain, Ankle pain, Foot pain and Elbow pain.
**Neurological:** Present- **Headaches, Numbness, Trouble walking, Unsteadiness, Weakness, Weakness in Extremities, Muscle Twitching** and **Tingling**. Not Present- Decreased Memory, Dizziness, Incontinence Stool, Incontinence Urine, Seizures and Tremor.
**Psychiatric:** Present- **Change in Sleep Pattern** and **Trouble Falling Asleep**. Not Present- Anxiety, Depression, Easily Irritated, Hallucinations, Insomnia, Mood changes and Suicidal Ideation.
**Endocrine:** Not Present- Libido Change and Sexual Dysfunction.


**Vitals** *(Riley Crehan; 05/21/2014 10:19 AM)*
05/21/2014 10:19 AM
**Weight:** 165 lb **Height:** 65 in
**Body Surface Area:** 1.85 m² **Body Mass Index:** 27.46 kg/m²


**Physical Exam** *(Joseph W Turnipseed, MD; 05/21/2014 12:29 PM)*
The physical exam findings are as follows:

**General**
General Appearance - Alert, No acute distress, Well groomed and Well nourished, Well developed.


**Integumentary**
Examination of the skin reveals: - Skin is warm and dry.


**Chest and Lung Exam**
Lungs - Unlabored breathing. Chest and lung exam reveals - quiet, even and easy respiratory effort with no use of accessory muscles and Unlabored breathing.


**Cardiovascular**
Cardiovascular examination reveals - normal heart sounds, regular rate and rhythm with no murmurs.


**Abdomen**
**Inspection:** - Soft, Nontender.


**Peripheral Vascular**
PV: Lower Ext - **Bilateral** - No edema.
Peripheral Vascular- Dorsalis Pedis, Posterior Tibial and Radial Pulse Palpable - **Bilateral** - Normal.


**Neurologic**
Gait - Gait and station is normal. Neuro Exam - General Assessment of Reflexes - **Symmetric** - Bilateral upper and lower extremities. Overall Assessment of Muscle Strength reveals -
**Upper Extremities:** - normal tone, bulk and strength.
**Lower Extremities:** - normal tone, bulk and strength. **Sensation - Intact - Bilateral** - Sensation intact in lower extremity and sensation intact in upper extremity.

---

**Neuropsychiatric**
Mental status exam performed with findings of - Oriented X3 with appropriate mood and affect and demonstrates appropriate judgment and insight.

**Musculoskeletal**
Spine Exam - Cervical ROM - Rotation - Painful rotation maneuvers (right). Palpation - **Right** - paraspinous tenderness and Spurling's sign present. Thoracic ROM - No pain with flexion, pain with extension or pain with rotation. **Thoracic Palpation - Bilateral** - no paraspinous tenderness and no spasms palpable. Lumbar ROM - **Flexion / Extension / Rot** - Able to flex without pain. No pain with extension or pain with rotation. Lumbosacral Palpation - **Bilateral** - no paraspinous tenderness and no spasms palpable. Shoulder - Exam - **Right** - pain with ROM ((internal and external rotation)).

**Assessment & Plan** *(Joseph W Turnipseed, MD; 05/21/2014 12:30 PM)*
**Cervical spondylosis (721.0 | M47.9)**
Current Plans:


**Cervical radiculitis (723.4 | M54.12)**
Current Plans:


**Shoulder pain (719.41 | M25.519)**
Current Plans:


His chief complaint is of right sided neck pain radiating into his right upper extremity. I discussed a C-ESI to address his pain. He is interested and ready to proceed. If pain in shoulder continues, will consider right shoulder injection. He will RTC two weeks after injection.

Joseph W Turnipseed MD

*Paul Billiot Jr*
06/12/2014 01:35 PM
Location: Novamed Surgery Center Spine Diagnostic and Pain Treatment Center
Patient #: 93300
DOB: 06/19/1975
Language: English / Race: Refused to Report/Unreported / Ethnicity: Not Hispanic or Latino
Gender: Male

**History of Present Illness**

**Assessment & Plan** *(Joseph W Turnipseed, MD; 06/12/2014 01:36 PM)*
**Cervical radiculitis (723.4 | M54.12)**
Current Plans:

PROCEDURE: 1. CERVICAL EPIDURAL STEROID INJECTION
2. FLOUROSCOPIC NEEDLE LOCALIZATION
3. EPIDUROGRAPHY

COMPLICATIONS: NONE

MEDICAL NECESSITY:

The patient has failed all conservative therapy up to this point. The patient has tried pharmacological intervention including pain medications, anti-inflammatories, muscle relaxers, and other medications as indicated, also physical therapy if tolerated. Although the patient may be a surgical candidate, my patient has elected to choose interventional treatment to potentially avoid surgery. At this time the patient feels their function has deteriorated. The patient would like to proceed with interventional therapy and modalities in an attempt to improve their pain and function. Should interventional pain management not be successful, surgery may be indicated.
Prior to the procedure, the patient was informed of the risks, options, and benefits of the elected procedure, but not limited to the potential for: increased pain, no pain relief, bleeding, infection, nerve injury, dural puncture headaches, spinal cord injury, pneumothorax, difficulty breathing, potential paralysis, loss of use of one or more extremities, stiff neck/back, medication/steroid reaction, muscle spasms, elevated blood pressure, elevated glucose, swelling, CHF, and difficulty sleeping. The patient understood, was given opportunity for question/answer dialogue, agreed for the procedure, and consent form was obtained.

PROCEDURE IN DETAIL: The risks and benefits of the procedure were discussed with the patient, all questions were answered and the patient wishes to proceed. Informed consent was signed and peripheral IV was then placed. The patient was taken to the procedure room and placed in the prone position. Monitors were placed and the cervical and upper thoracic area was prepped and draped in a sterile fashion. The fluoroscopic unit was used to identify the C6C7 inter-laminar space. After local infiltration of the skin and subcutaneous tissue with 4 cc's of 1% lidocaine, an 18 gauge Tuohy needle was advanced toward the inferior lamina under fluoroscopic guidance. After contact with the lamina was made, the needle was walked off superiorly, and a loss of resistance to air technique was used to advance the needle into the epidural space. After negative aspiration, 2 cc's of Omnipaque 300 contrast material was injected which showed spread along the epidural space. After repeat negative aspiration, 2 cc's of preservative free normal saline with 80 mgs of Depo-Medrol was slowly injected without difficulty. Dispersion of contrast medium was noted along the epidural space. The needle was removed intact and sterile dressing was applied. The patient tolerated the procedure well and was discharged home in stable condition after being monitored in the recovery room for an appropriate period of time. The patient is to follow-up in 2-4 week (s).

Joseph W Turnipseed MD

Page 1

**PAUL BILLIOT JR**
Male  DOB: 06/19/1975
Home Location: ALL

<u>07/16/2014</u> - Office Visit Neurosurgery: ATTY RV AFT INJ RM
Provider: Kristen Dubois NP
Location of Care: The NeuroMedical Center Clinic

### The NeuroMedical Center Clinic

**CC:**  RV AFT INJ .

**History of Present Illness:**
C-spine ESI 2-3 weeks ago, provided no relief
Made his bipolar worse, increased his BP
Dr. Turnipseed sent the patient back here today, told he was not a candidate for additional ESIs
W/C case
Has an atty
12/7/13 injury
Neck injury in 2009, pain resolved
States he had no neck pain preceding this accident
Started with new severe neck & arm pain after his work accident
R neck pain, radiates into the R shoulder and into the R arm, stops in his R hand
R armpit pain
R arm & hand N/T
R arm & hand weakness, shakes, drops items
Difficulty sleeping
Tried PT/chiro, no relief
C-spine ESI, provided no relief

**Past Medical History:**
   Reviewed history from 04/23/2014 and no changes required:
      bipolar

**Past Surgical History:**
   Reviewed history from 04/23/2014 and no changes required:
      unremarkable

**Conservative Therapy History**

**Imaging/Diagnostic Studies:**

**Medications:**





EXHIBIT
H

Page 2

**PAUL BILLIOT JR**
Male  DOB: 06/19/1975
Home Location: ALL

**Family History Summary:**
No Known Family History - Entered On: 7/16/2014

**General Comments - FH:**
unremarkable

**Social History:**
 Reviewed history from 04/23/2014 and no changes required:
  Marital Status: married
  Children: 9
  Occupation: truck driver
  Education: 11th grade

**Risk Factors:**

Smoked Tobacco Use:  Current every day smoker
  Cigarettes: Yes -- 1 pack(s) per day,    Year started:  1994
  Counseled : yes
Caffeine use:  1 drinks per day
Seatbelt use:  100 %

**Previous Tobacco Use:** Signed On - 04/23/2014
Smoked Tobacco Use:  current every day smoker
  Cigarettes: Yes -- 1 pack(s) per day,     Year started:  1994
  Counseled : yes
Caffeine use:  1 drinks per day

**Previous Alcohol Use:**
Seatbelt use:  100 %

**Review of Systems**

**Neuro**
  Complains of tingling and numbness.
  Denies paralysis, paresthesias, seizures, tremors, vertigo, transient blindness, frequent falls, frequent headaches and difficulty walking.

The review of systems is negative for General, Eyes, ENT, CV, Resp, GI, GU, MS, Derm, Psych, Endo, Heme, Allergy, General and Eyes.



EXHIBIT H

Page 3

**PAUL BILLIOT JR**
Male  DOB: 06/19/1975
Home Location: ALL

## Vital Signs:

Patient Profile:  39 Years Old Male
Height:           65 inches
Weight:           165 pounds
BMI:              27.45
BP sitting:       117 / 87  (left arm)
Cuff size:        regular

Vitals Entered By: Madison Moore (July 16, 2014 8:58 AM)

## Physical Exam

**General:**
   well developed, well nourished, in no acute distress
**Head:**
   normocephalic and atraumatic
**Neck:**
   no masses, thyromegaly, or abnormal cervical nodes
**MSK:**
   no deformity or scoliosis noted with normal posture

TTP neck
**Pulses:**
   pulses normal in all 4 extremities
**Extremities:**
   no clubbing, cyanosis, edema, or deformity noted with normal full range of motion of all joints
**Neurologic:**
   no focal deficits, CN II-XII grossly intact with normal reflexes, coordination, muscle strength - Right
hand 5-/5
R wrist 5-/5
R bicep 4+/5
R triceps 4+/5, normal tone
R sensory declined to LT in R C7 dermatome
Increased reflexes
**Skin:**
   intact without lesions or rashes
**Cervical Nodes:**
   no significant adenopathy
**Psych:**
   alert and cooperative; normal mood and affect; normal attention span and concentration

## Detailed Neurologic Exam

General Neurologic Exam:



EXHIBIT H

Page 4

**PAUL BILLIOT JR**
Male  DOB: 06/19/1975
Home Location: ALL

**Speech:**
  Speech is fluent.
**Cognition:**
  Cognition is intact.

**Cervical Exam:**

**Inspection-deformity:**       Normal
**Palpation-spinal tenderness:**  Abnormal
  TTP over cervical spine and bil. shoulders
**Hoffman's Sign:**
  Right:  negative
  Left:  negative

**Motor Exam:**

**Gait:**
  Gait is normal.
**Posture:**
  Posture is normal.
**Spasm:**
  There is no paraspinal muscle spasm.


**Impression & Recommendations:**

**Problem # 1:**  CERVICAL RADIOCULOPATHY (ICD-723.4)

Orders:
99214 RV Detailed/Mod  (CPT-99214)
ACDF (CPT-000)
CBC w/Diff *DX (CBC)
EKG (CPT-000)
Comprehensive Metabolic Panel (CMP)
XRY Chest 1v (CPT-71010)
PT/INR *DX (PT)
PTT *DX (PTT)
Urinalysis - Clean Catch (UA          )
MRSA (MRSA)
MRI: C3-4 bulge, C4-5 bulge with mild B FS, C5-6 and C6-7 collapse of disc, bulge, FS B
He presents with Neck pain, R arm pain symptoms, R N/T
No pain issues from 2010 until this accident in 12/2013
C-spine ESI 2-3 weeks ago, provided no relief
Made his bipolar worse, increased his BP
Dr. Turnipseed sent the patient back here today, told he was not a candidate for additional ESIs
Neurologically stable
He does have C4-7 pathology in his neck, definite stenosis from C4-7
Offered ACDF C4-7



EXHIBIT H

Page 5

**PAUL BILLIOT JR**
Male  DOB: 06/19/1975
Home Location: ALL

Risks & benefits explained
All questions & concerns answered
Told to quit smoking
Discussed restrictions

F/U 2-3 weeks post-op

**Other Orders:**
Calc BMI Outside Normal Range no Follow Up Plan (CPT-G8419)
Current Med List Documented by Provider (CPT-G8427)
Current tobacco user, received cessation intervention (CPT-4004F)

**Patient Instructions:**
1)  Please schedule a Post op follow-up appointment 2-3 weeks.
2)  Printed chart summary for transfer of care out.

**DX #1:** CERVICAL RADICULOPATHY (ICD-723.4)
**Surgery Procedure**  ACDF C4-7
**Length of care:** 2.0
**Surgeon:** Dr. Scrantz
**Assistant/CO Surgeon(s):** G. Cox
**Hospital:** NMCH
**Status of patient:** inpatient
**OR bed:** Standard
**Microscope:** yes
**C-Arm:** yes
**Equiptment Company:** Zimmer.
**INSTRUMENT NAME/SHUNT TYPE/OTHER:** empire
**Anesthesia Info: Type** General
**PCP Cardiac Clearance:** yes
**Special patient instructions:** no PCP, states atty will find the patient a PCP
Patient has disc

Electronically Signed by Kristen Dubois NP on 07/16/2014 at 2:56 PM
Electronically Signed by Kelly J Scrantz MD on 07/18/2014 at 6:35 AM



EXHIBIT H                    i

**LOUISIANA WORKERS' COMPENSATION SECOND INJURY BOARD**
**POST-HIRE/CONDITIONAL JOB OFFER KNOWLEDGE QUESTIONNAIRE**

<u>EMPLOYEE</u>: The intent of this questionnaire is to provide your employer with knowledge about any pre-existing medical condition or disability which may entitle your employer to reimbursement from the Louisiana Workers' Compensation Second Injury Board in the event you suffer an on-the-job injury.[1] This reimbursement in no way affects the benefits owed to you by your employer or its insurance company under the Louisiana Workers' Compensation Act.  La. R.S. 23:1021-1361.   However, your failure to answer truthfully and/or correctly to any of the question on this questionnaire may result in a forfeiture of your workers' compensation benefits.

In order for your employer to be considered for reimbursement from the Second Injury Board, it has to show that it knowingly hired or retained you with a pre-existing medical condition or disability.  To establish its knowledge, your employer is requesting that this questionnaire be completed.

<u>INSTRUCTIONS</u>: Please answer ALL questions completely.  If a response requires an explanation, please provide a brief description on the Explanation Page.  If you have any questions or need help in answering the questions on this form, please ask for assistance from the Employer Representative signing this form.

<u>NOTE</u>: Since this questionnaire contains medical information, you can request that the form be kept CONFIDENTIAL and not made part of your personnel file.  Please let your employer know that you want the completed questionnaire placed in a sealed folder for confidentiality purposes.

**<u>EMPLOYEE WARNING</u>**

**FAILURE TO ANSWER TRUTHFULLY AND/OR CORRECTLY TO ANY OF THE QUESTIONS ON THIS FORM MAY RESULT IN A FORFEITURE OF YOUR WORKERS' COMPENSATION BENEFITS UNDER La. R.S. 23:1208.1.**

Employee Signature: _____   Date: _09/23/21_

Employer Representative Signature: _Kayleen Bergeron_   Date: _09/23/2021_

Employer Name: _Maintenance Dredging_

Employee Name: _Paul Billiot_

Date of Birth (mm/dd/yyyy): _06-15-1975_   Male: ☑   Female: ☐

Soc. Sec. # (last 4 digits only): _7069_

Home Address: _1032 Kallie lane  Breaux Bridge La 70517_

Telephone Number:(_337_) _441 9470_

---

[1] Under La. R.S. 23:1371(A), the purpose of the Second Injury Board is to encourage the employment, re-employment, or retention of employees who have a permanent partial disability.

PAGE 1 OF 6

**EXHIBIT I**

SIB FORM D (10/17)

**Disease and Other Medical Conditions you currently have or have ever had.**
For all conditions that you check yes, write a brief explanation on the Explanation Page.
[Please check the appropriate box next to each.  Every illness/injury requires a Yes (Y) or No (N) answer.]

| Y | N | | Y | N | | Y | N | | Y | N | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☑ | Diabetes | ☐ | ☑ | Cerebral Palsy | ☐ | ☑ | Arthritis | ☐ | ☑ | Heart Disease/Heart Attack |
| ☐ | ☑ | Silicosis | ☐ | ☑ | Tuberculosis | ☐ | ☑ | Parkinson's | ☐ | ☑ | Congestive Heart Failure |
| ☐ | ☑ | Varicose Veins | ☐ | ☑ | Multiple Sclerosis | ☐ | ☑ | Brain Damage | ☐ | ☑ | Vision Loss, one or both eyes |
| ☐ | ☑ | Asbestosis | ☐ | ☑ | Post Traumatic Stress | ☐ | ☑ | Asthma | ☐ | ☑ | Disability from Polio |
| ☐ | ☑ | Hyperinsulinism | ☐ | ☑ | Osteomyelitis | ☐ | ☑ | Dementia | ☐ | ☑ | Psychoneurotic Disability |
| ☐ | ☑ | Alzheimer's | ☐ | ☑ | Nervous Disorder | ☐ | ☑ | Thrombophlebitis | ☐ | ☑ | Ruptured or Herniated Disc |
| ☐ | ☑ | Emphysema | ☐ | ☑ | Muscular Dystrophy | ☐ | ☑ | Arteriosclerosis | ☐ | ☑ | Ankylosis or Joint Stiffening |
| ☐ | ☑ | Hearing Loss | ☐ | ☑ | Migraine Headaches | ☐ | ☑ | Hodgkin's | ☐ | ☑ | High/Low Blood Pressure |
| ☐ | ☑ | COPD | ☐ | ☑ | Mental Retardation | ☐ | ☑ | Cancer | ☐ | ☑ | Carpal Tunnel Syndrome |
| ☐ | ☑ | Hypertension | ☐ | ☑ | Kidney Disorder | ☐ | ☑ | Double Vision | ☐ | ☑ | Compressed Air Sequelae |
| ☐ | ☑ | Head Injury | ☐ | ☑ | Loss of Use of Limb | ☐ | ☑ | Mental Disorders | ☐ | ☑ | Disease of the Lung |
| ☐ | ☑ | Epilepsy | ☐ | ☑ | Seizure Disorder | ☐ | ☑ | Hemophilia | ☐ | ☑ | Coronary Artery Disease |
| ☐ | ☑ | Stroke | ☐ | ☑ | Sickle Cell Disease | ☐ | ☑ | Bleeding Disorder | ☐ | ☑ | Heavy Metal Poisoning |

**Surgical Treatment**  [Please check the appropriate box. Each illness/injury requires a Yes (Y) or No (N) answer.]  For each Yes (Y) answer, please complete the information corresponding to the surgery on the right.  Additional information can be provided on the Explanation Page, if necessary.

Y  N

☐ ☑ Spinal Disc Surgery          Year (approximate if unsure)_____

☐ ☑ Spinal Fusion Surgery        Year (approximate if unsure)_____

☐ ☑ Amputated Foot          Left ☐     Right ☐     Year (approx. if unsure) _____

☐ ☑ Amputated Leg           Left ☐     Right ☐     Year (approx. if unsure) _____

☐ ☑ Amputated Arm           Left ☐     Right ☐     Year (approx. if unsure) _____

☐ ☑ Amputated Hand          Left ☐     Right ☐     Year (approx. if unsure) _____

☐ ☑ Knee Replacement        Left ☐     Right ☐     Year (approx. if unsure) _____

☐ ☑ Hip Replacement         Left ☐     Right ☐     Year (approx. if unsure) _____

☐ ☐ Other Joint Replacement       Joint _____       Year _____

☐ ☐ Other Surgical Procedure      Procedure _____    Year _____

☐ ☐ Other Surgical Procedure      Procedure _____    Year _____

☐ ☐ Other Surgical Procedure      Procedure _____    Year _____

☐ ☐ Other Surgical Procedure      Procedure _____    Year _____

Employee Signature: _____   Date: _09/23/21_

Employer Representative: _____   Date: _09/23/2021_

PAGE 2 OF 6

SIB FORM D (10/17)

**EXPLANATION PAGE**

Please use the space below to explain the illnesses and/or conditions that you checked a Yes (Y) **or** any other medical conditions that may not be listed on this form. Ask your employer for additional copies of this page if needed.

CONDITION: _____ Year Diagnosed (approx): _____

Are you still treating for this condition? Yes ☐ No ☑

Are you taking medication for this condition? Yes ☐ No ☑

Do you have any permanent restrictions for this condition? Yes ☐ No ☑

Brief Explanation: _____

CONDITION: _____ Year Diagnosed (approx): _____

Are you still treating for this condition? Yes ☐ No ☐

Are you taking medication for this condition? Yes ☐ No ☐

Do you have any permanent restrictions for this condition? Yes ☐ No ☐

Brief Explanation: _____

CONDITION: _____ Year Diagnosed (approx): _____

Are you still treating for this condition? Yes ☐ No ☐

Are you taking medication for this condition? Yes ☐ No ☐

Do you have any permanent restrictions for this condition? Yes ☐ No ☐

Brief Explanation: _____

CONDITION: _____ Year Diagnosed (approx): _____

Are you still treating for this condition? Yes ☐ No ☐

Are you taking medication for this condition? Yes ☐ No ☐

Do you have any permanent restrictions for this condition? Yes ☐ No ☐

Brief Explanation: _____

Employee Signature: _____ Date: _09/27/21_

Employer Representative: _____ Date: _09/23/2021_

PAGE 3 OF 6

SIB FORM D (10/17)

Please answer the following questions.

1. Has any doctor ever restricted your activities?   Yes ☐   No ☑
   If "Yes," please list the restrictions: _____
   Were the restrictions:  Permanent _____   Temporary _____
   Are your activities currently restricted?   Yes ☐   No ☑
   What is the medical condition for which you have restrictions? _____

2. Are you presently treating with a doctor, chiropractor, psychiatrist, psychologist or other health-care
   provider?   Yes ☐   No ☑

   Please list the medical condition being treated: _____

   Doctor's Name: _____ Specialty: _____

   Doctor's Address: _____

3. If you are currently taking prescription medication other than those listed on the Explanation Page, please
   complete the requested information below.

   Medication: _____ Prescribing Doctor: _____

   Medication: _____ Prescribing Doctor: _____

4. Have you ever had an on the job accident?   Yes ☐   No ☑
   If you answered "YES," please provide the date for each injury and the nature of the injury:

   _____

   How long were you on compensation? _____

   Name of Employer: _____

5. Has a doctor recommended a surgical procedure, which has not been completed prior to this date,
   including but not limited to knee, hip or shoulder replacement?   Yes ☐   No ☑
   If you answered YES, please provide:

   Recommended surgery: _____

   Approximate date of recommendation: _____

   Doctor's Name: _____ Specialty: _____

   Doctor's Address: _____

Employee Signature: _____   Date: _09/23/21_

Employer Representative: _____   Date: _09/23/2021_

**TO BE COMPLETED BY EMPLOYEE**

<u>**EMPLOYEE WARNING**</u>

**FAILURE TO ANSWER TRUTHFULLY AND/OR CORRECTLY TO ANY OF THE QUESTIONS ON THIS FORM MAY RESULT IN A FORFEITURE OF ANY AND ALL WORKERS COMPENSATION BENEFITS UNDER La. R.S. 23:1208.1.**

I have completed this form honestly and to the best of my knowledge. I understand that providing false information or omitting pertinent information could result in loss of my workers compensation benefits should I become injured on the job.

Employee Signature: _____ Date: 05/23/21

Employee Printed Name: Paul B. Elliot _____

**TO BE COMPLETED BY EMPLOYER REPRESENTATIVE**

<u>EMPLOYER WARNING</u>

PURSUANT TO La. R.S. 23:1208 OF THE LOUISIANA WORKERS' COMPENSATION ACT, IT SHALL BE UNLAWFUL FOR A PERSON, FOR THE PURPOSE OF OBTAINING OR DEFEATING ANY BENEFIT PAYMENT UNDER THE PROVISIONS OF THIS CHAPTER, EITHER FOR HIMSELF OR FOR ANY OTHER PERSON, TO WILLFULLY MAKE A FALSE STATEMENT OR REPRESENTATION.   PENALTIES FOR VIOLATIONS INCLUDE IMPRISONMENT, FINES, AND/OR THE FORFEITURE OF BENEFITS.

You must certify the following:

1. That I am an authorized representative of the employer designated to obtain and review the information provided by the employee on this questionnaire;

2. That I have provided the employee with as many copies of the Explanation Page as needed and have confirmed the number of and labeled the pages of this questionnaire;

3. That I have provided assistance to the employee (if requested) in responding to the questions on this questionnaire;

4. That the information sought by this authorization is made on an applicant for employment only after a conditional job offer has been made and accepted, or on a current employee; and

5. That the information obtained in the authorization will **NOT** be used to discriminate in any manner against the individual who is the subject of this authorization on any basis, in violation of the Americans with Disabilities Act of 1990,  42 U.S.C. §12101, *et seq*., or any other state or federal law;

6. That if requested, a photocopy of this fully completed and signed form will be provided to the employee.

Employer Representative Signature: *Kayleen Bergeron*   Date: *05/23/21*

Employer Representative Printed Name: *Kayleen Bergeron*

Title: *Assistant to HR Director*



**PRIME**
OCCUPATIONAL MEDICINE

**Medical History Questionnaire**

## PATIENT INFORMATION

Employee Name: Paul     Billiot     Date: 8/28/21

Social Security #: 435377069     Date of Birth: 6/19/1975

Daytime Phone #: 3374449470     Evening Phone #: Same

Employer: Maintenance Dredging I, LLC     Job Title or Category: Leverman

## MEDICATION HISTORY

Are you now taking or have you taken any of the following within the past **THREE** months?

| | | |
|---|---|---|
| ☐ Any prescription pain medications | ☐ Diuretic or water pill | ☐ Anticoagulant (blood thinner) |
| ☐ Antidepressants | ☐ Insulin or diabetes medicine | ☐ Stimulant/ADD medication |
| ☐ Sleeping Pill | ☐ Blood Pressure Medicine | ☐ Sedatives/Tranquilizers |

**Please list all MEDICATIONS you are currently taking:**

None

## OCCUPATIONAL AND MEDICAL HISTORY

Have you had any occupational illness or injuries at your current/last job? ☐ Yes ☑ No
If **YES**, explain.

Have you ever had any occupational illness or injuries at any previous job? ☐ Yes ☑ No
If **YES**, explain.

| Have you EVER had any of the following? | | COMMENT: |
|---|---|---|
| Received long term medical treatment? | ☐ Yes ☑ No | |
| Any medical/physical therapy/chiropractor treatment for spine pain, knee pain, or shoulder pain? | ☐ Yes ☑ No | |
| CT/CAT Scan or MRI? | ☐ Yes ☑ No | |
| Had an operation? | ☐ Yes ☐ No | |
| Filed for workman compensation? | ☐ Yes ☑ No | |
| Filed for any kind of disability? | ☐ Yes ☑ No | |
| Reported a job-related illness or injury? | ☐ Yes ☑ No | |
| Received any disability pay? | ☐ Yes ☑ No | |
| Exposure to benzene, lead, arsenic, mercury, silica, or asbestos? | ☐ Yes ☑ No | |
| Exposure to degreasers, solvents, insecticides, fungicides? | ☐ Yes ☑ No | |
| Exposure to any other known hazardous chemicals or compounds? | ☐ Yes ☑ No | |

If **YES** to any of the above, please explain.

EXHIBIT

J



PRIME
OCCUPATIONAL MEDICINE

**Medical History
Questionnaire**

### MEDICAL HISTORY continued

**Have you EVER been diagnosed with or sought treatment for:**

| | | | |
|---|---|---|---|
| 1. Head injury or Concussion | ☐ Yes ☑ No | 20. Back Pain or injury | ☐ Yes ☑ No |
| 2. Seizure, fits, or convulsions | ☐ Yes ☑ No | 21. Abnormal X-Ray | ☐ Yes ☑ No |
| 3. Fainting or dizziness | ☐ Yes ☑ No | 22. Bone Surgery | ☐ Yes ☑ No |
| 4. Eye problems or injury | ☐ Yes ☑ No | 23. Stroke | ☐ Yes ☑ No |
| 5. Ear trouble or injury | ☐ Yes ☑ No | 24. Bursitis | ☐ Yes ☑ No |
| 6. Hearing trouble | ☐ Yes ☑ No | 25. Pneumonia | ☐ Yes ☑ No |
| 7. Joint Surgery/Scope | ☐ Yes ☑ No | 26. Diabetes | ☐ Yes ☑ No |
| 8. Paralysis | ☐ Yes ☑ No | 27. Kidney trouble | ☐ Yes ☑ No |
| 9. Heat Stroke | ☐ Yes ☑ No | 28. Hernia | ☐ Yes ☑ No |
| 10. Chest Pain | ☐ Yes ☑ No | 29. Liver trouble | ☐ Yes ☑ No |
| 11. Heart Trouble | ☐ Yes ☑ No | 30. Cancer or Tumor | ☐ Yes ☑ No |
| 12. Irregular Heart Beat | ☐ Yes ☑ No | 31. Easy Bruising | ☐ Yes ☑ No |
| 13. High Blood Pressure | ☐ Yes ☑ No | 32. Poor Healing | ☐ Yes ☑ No |
| 14. Shortness of Breath | ☐ Yes ☑ No | 33. Severe Depression | ☐ Yes ☑ No |
| 15. Asthma or Wheezing | ☐ Yes ☑ No | 34. Emotional Problems | ☐ Yes ☑ No |
| 16. Joint Pain or Swelling | ☐ Yes ☑ No | 35. Fear of Heights | ☐ Yes ☑ No |
| 17. Frequent Bronchitis | ☐ Yes ☑ No | 36. Alcoholism | ☐ Yes ☑ No |
| 18. Tuberculosis | ☐ Yes ☑ No | 37. Drug Addiction | ☐ Yes ☑ No |
| 19. Neck Pain or injury | ☐ Yes ☑ No | 38. Pain Management | ☐ Yes ☑ No |

If **YES** to any of the above questions 1-38, please comment or explain further by number below:

_____

_____

_____

_____

_____

_____

_____

I CERTIFY THAT I HAVE DISCLOSED THE ABOVE INFORMATION AND THAT THEY ARE
ALL TRUE. I realize that this is for job-placement only and is not being considered for medical
treatment. I will contact my medical provider for my personal medical care needs. **I REALIZE
THAT I MAY BE DENIED A JOB PLACEMENT OR TERMINATED FROM MY EMPLOYMENT
FOR PROVIDING FALSE INFORMATION.**

**Misrepresentations as to pre-existing physical or mental conditions may void your
workers' compensation benefits.**

Employee Signature: _____          Date: 9/23/21